IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| CHRISTOPHER PAVLOVIC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL J. ASTRUE, Commissioner, )<br>Social Security Administration, )<br>)<br>Defendant. ) | No. 11-5077-SSA-CV-SW-MJW |

## ORDER

Plaintiff Christopher Pavlovic seeks judicial review[1] of a final administrative decision denying plaintiff disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, and Supplemental Security Income (SSI) benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq*. Section 205(g) of the Act, 42 U.S.C. § 405(g), provides for judicial review of a final decision of the Commissioner of the Social Security Administration under Title II. Section 1631(c)(3) of the Act and 42 U.S.C. § 1383(c)(3) provide for judicial review to the same extent as the Commissioner's final determination under section 205.

The parties' briefs are fully submitted, and an oral argument was held on June 13, 2012. The complete facts and arguments are presented in the parties' briefs and will not be repeated here.

### Statement of Facts

Plaintiff was born on April 14, 1989. He alleges disability beginning February 21, 2007. Plaintiff alleges disability based on a combination of impairments, including anxiety with difficulty being around people, irritability, vomiting, stuttering and repeating his words, depression, inability to come out of his room for days at a time, panic attacks that occur roughly a

---

[1]With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

few times every week and last for at least one-half day, and the inability to drive outside of Joplin because he becomes car sick. Plaintiff has no significant work history.

## Standard of Review

The Eighth Circuit has set forth the standard for the federal courts' judicial review of denial of benefits, as follows:

> Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome or because we would have decided the case differently.

Baker v. Barnhart, 457 F.3d 882, 892 (8th Cir. 2006).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments. McMillian, 697 F.2d at 221.

## Discussion

Here, the Administrative Law Judge (ALJ) found that plaintiff suffered from the following conditions which are severe impairments under 20 C.F.R. §§ 404.1520(c) and

2

416.920(c): bipolar disorder with depression, generalized anxiety disorder, and substance abuse. The ALJ concluded, however, that without substance abuse, plaintiff would not be disabled. The ALJ determined that if plaintiff were to cease substance abuse, he would not have an impairment or combination of impairments that meets or medically equals any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ ruled that, absent substance abuse, plaintiff would continue to have no exertional limitations and his mental functioning would improve, allowing him to function without marked limitations and enabling him to carry out work that is repetitive and routine in nature with no significant interaction with the general public or co-workers. The ALJ concluded that because plaintiff would not be disabled if substance abuse was not present (20 C.F.R. 404.1520(g) and 416.920(g)), his substance abuse disorder is a contributing factor material to the determination of disability (20 C.F.R. §§ 404.1535 and 416.935), and thus plaintiff is not disabled within the meaning of the Social Security Act.

Plaintiff argues that the ALJ erred (1) in discounting the testimony of plaintiff's treating psychiatrist, Brandon Riesenmy, M.D., who reported that plaintiff had "marked" limitations which would limit his residual functional capacity (RFC); (2) in identifying plaintiff's drug use as a substantial, material factor without providing any specific medical authority; (3) in accepting the vocational expert's testimony when it contradicted the Dictionary of Occupational Titles (DOT); and (4) in discounting the testimony of plaintiff.

Plaintiff asserts it was improper for the ALJ to discount the opinion of plaintiff's treating psychiatrist, Dr. Riesenmy. Plaintiff contends Dr. Riesenmy's opinion should be assigned controlling weight, pursuant to 20 C.F.R. §§ 404.1527(d) and 416.927(d).

While the Eighth Circuit generally defers to the opinion of a treating source, there are exceptions to this rule. "Physician opinions that are internally inconsistent, however, are entitled to less deference than they would receive in the absence of inconsistencies." Guilliams v. Barnhart, 393 F.3d 798, 803 (8th Cir. 2005). "[A]n appropriate finding of inconsistency with other evidence alone is sufficient to discount the opinion." Goff v. Barnhart, 421 F.3d 785, 790-91 (8th Cir. 2005).

Regarding internal inconsistency, Dr. Riesenmy's notes are not entirely consistent with his assessment of plaintiff's functional capacity. Specifically, Dr. Riesenmy's notes that plaintiff

3

appeared to be doing well are inconsistent with his assessment that plaintiff had "marked" limitations.

Regarding external inconsistency, Dr. Riesenmy's opinion is inconsistent with the other evidence on the record. In February 2007, plaintiff experienced visual hallucinations and underwent a psychological evaluation with Dr. Nauphyll Zuberi, which revealed that plaintiff was using marijuana on a daily basis, had used pain pills, including Hydrocodone and Oxycodone, and had also used cocaine. Dr. Zuberi concluded that plaintiff's psychiatric problems were complicated by his marijuana use; his drug screen was positive for marijuana, but he did not appear to have any narcotics in his system. Dr. Abel Corral followed plaintiff's progression from January 2007 through March 2009. On February 28, 2008, plaintiff denied any abuse of illicit drugs or cannabis. However, Dr. Corral noted that on his last visit, plaintiff behaved in a hostile and irritable manner, appeared to be high on drugs and admitted to smoking cannabis in order to come down, and had used $5,000.00 in settlement money to buy drugs. Dr. Corral recommended a new psychiatrist because plaintiff was not following Dr. Corral's recommendations. A month later, plaintiff began treatment with Dr. Riesenmy. While plaintiff's more recent records of treatment do not reflect active substance abuse, the progress notes of Dr. Corral are clear that plaintiff was using drugs during the relevant period.

Finally, Riesenmy's testimony that he had "*excluded* from consideration *all* limitations which I believe result from the patient's drug addiction and/or alcoholism, *if any*" loses all force in view of the fact that Dr. Riesenmy's notes reveal no knowledge of plaintiff's substance abuse disorder. (Tr. at 447.) In contrast, Dr. Wheeler, plaintiff's primary care provider, noted "I don't know that" when faced with a similar question (the question was: "In responding, I have *excluded* from consideration *all* limitations which I believe result from the patient's drug addiction and/or alcoholism, *if any*."). (Tr. at 438.) In conclusion, the ALJ is justified in holding that the opinion of Dr. Riesenmy is not controlling insofar as there are significant inconsistencies with other evidence in the record.

Pavlovic also alleges the ALJ failed to support with specific medical testimony his determination that drug use was a substantial, material factor in plaintiff's disability. However, it is only necessary for the ALJ to conduct additional findings if there is a conflict or ambiguity in

4

the record, if the record does not contain all necessary information, or if the information in the record is not based on medically acceptable techniques.

The ALJ is only required to seek additional information when the record is insufficient to determine whether a plaintiff is disabled. "The ALJ is required to order medical examinations and tests only if the medical records presented to him do not give sufficient medical evidence to determine whether the claimant is disabled." Jones v. Astrue, 619 F.3d 963, 969 (8th Cir. 2010) (citing Halverson v. Astrue, 600 F.3d 922, 933 (8th Cir. 2010)).

The evidence indicates that when plaintiff used drugs, his psychological problems were exacerbated. Plaintiff's condition while under Dr. Corral's supervision was improving until plaintiff reverted to drug use. The evidence further indicates that, while the most recent reports do not show drug abuse, plaintiff has used drugs during the relevant period, and that this hindered the progression of his treatment with Dr. Corral. On the other hand, plaintiff seems to have improved during his treatment with Dr. Riesenmy, and accordingly, there is little basis for Dr. Riesenmy to describe plaintiff's limitations as marked. Riesenmy's reports, which describe plaintiff in a relatively stable condition, indicate plaintiff is capable of undertaking certain types of employment. Given this evidence, the ALJ properly concluded that plaintiff retained the ability to perform limited types of work, and that this captured the reasonable consequences of plaintiff's bipolar disorder and general anxiety disorder, when considered apart from his substance abuse. Because there is sufficient evidence in the record to determine that plaintiff is not disabled for the purpose of receiving Social Security benefits, the ALJ is not required to order additional medical tests in order to determine whether plaintiff is disabled.

Plaintiff contends that the ALJ relied on erroneous vocational expert testimony, alleging that the vocational expert's testimony contradicts information contained in the DOT. Specifically, plaintiff alleges that the hypothetical question posed by the court to the vocational expert sought information regarding level one jobs, while the jobs which the vocational expert suggested in response were level two jobs. However, the record does not sustain plaintiff's contentions.

First, the Eighth Circuit has held that "reliance on the DOT as a definitive authority on job requirements is misplaced, however, for DOT definitions are simply generic job descriptions

5

that offer the approximate maximum requirements for each position, rather than their range." Wheeler v. Apfel, 224 F.3d 891, 897 (8th Cir. 2000) (quoting Hall v. Chater, 109 F.3d 1255, 1259 (8th Cir. 1997)). The DOT offers the maximum requirements for a given position, rather than a comprehensive summary of all the requirements for jobs in a given category. Thus, plaintiff cannot rely on the definition of the DOT as definitive in ascertaining a discrepancy in the report of the vocational expert who listed jobs which would be suitable for plaintiff.

Second, a careful reading of the record reveals the ALJ's use of the word "simple" is nuanced by other words in the sentence. The question reads, in part, "is able to understand, remember and carry out simple instructions consisting [sic] with unskilled work." (Tr. at 52.) In Renfrow v. Astrue, 496 F.3d 918, 918 (8th Cir. 2007), the plaintiff argued on appeal that the two jobs listed as appropriate (telephone quotation clerk and charge account clerk) were not feasible because they required a reasoning level of three, and thus, conflicted with her inability to do complex work. Id. at 921. The court answered, "The jobs in question are both classified as unskilled and so do not appear to be 'complex.'" Id. In short, jobs that required level three reasoning were characterized as unskilled jobs, and therefore, unskilled work can be consistent with level three reasoning. The use of the term "unskilled work" in conjunction with the provision "able to understand, remember and carry out simple instructions" indicates that a level one reasoning is not necessarily entailed by the hypothetical question. Given that "unskilled work" is compatible with level three reasoning, it is not clear that the hypothetical posed by the ALJ necessitated in reply a job that is ranked as level one in the DOT. In conclusion, plaintiff's assertion of error on the part of the vocational expert is not supported by substantial evidence in the record.

Finally, plaintiff contends the ALJ improperly rejected plaintiff's testimony. The record, however, does not support this assertion. In assessing the credibility of the claimant's subjective complaints of pain and other limitations, the ALJ must consider all of the evidence relating to those complaints, his work record, the observations of third parties, and the reports of treating and examining physicians. See 20 C.F.R. §§ 404.1529(c)(3) and 416.929(c)(3); Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). The ALJ should consider the claimant's daily

6

routine; the duration, frequency, and intensity of his pain; precipitating and aggravating factors; dosage, effectiveness, and side effects of medication; and functional restrictions.  See id.

First, the ALJ's considerations are consistent with 20 C.F.R. §§ 404.1529 and 416.929, and with the framework set forth in Polaski.  The ALJ noted that plaintiff's bipolar disorder with depression and generalized anxiety disorder showed good response to medication.  Davidson v. Astrue, 578 F.3d 838, 846 (8th Cir. 2009) ("On balance, although Davidson's symptoms of depression sometimes worsened and required adjustments in his medication, the ALJ's determination that Davidson's depression was generally controllable is supported by substantial evidence.").  Second, the record supports the ALJ's observation that when plaintiff stopped taking his medication, he became more symptomatic.  Noncompliance with treatment is a proper factor in the credibility analysis.  See Holley v. Massanari, 253 F.3d 1088, 1092 (8th Cir. 2001).  Third, the ALJ found plaintiff's substance abuse disorder was more significant than he admitted.  The ALJ may disbelieve the claimant's subjective complaints "if there are inconsistencies in the evidence as a whole, but he must give reasons for discrediting the claimant."  Strongson v. Barnhart, 361 F.3d 1066, 1072 (8th Cir. 2004).

Although the ALJ's written decision could have discussed more of the factors in greater detail, the simple failure to do so is not error in itself.  See Brown v. Chater, 87 F.3d 963, 966 (8th Cir. 1996) ("Although the ALJ did not explicitly discuss each Polaski factor in a methodical fashion, he acknowledged and considered those factors before discounting Brown's subjective complaints of pain."); Gregg v. Barnhart, 354 F.3d 710, 713 (8th Cir. 2003) ("If an ALJ explicitly discredits the claimant's testimony and gives good reason for doing so, we will normally defer to the ALJ's credibility determination."); Eichelberger v. Barnhart, 390 F.3d 584, 590 (8th Cir. 2004) ("[T]he ALJ need not explicitly discuss each Polaski factor.  Strongson v. Barnhart, 361 F.3d 1066, 1072 (8th Cir. 2004).  The ALJ only need acknowledge and consider those factors before discounting a claimant's subjective complaints.  Id.").  Plaintiff's complaints of pain and other limitations were not totally credible.  The evidence did not support plaintiff's assertions, and so the ALJ was correct in disregarding them.

7

## Conclusion

For the reasons set forth above, this Court finds that the ALJ's decision is supported by substantial evidence in the record.

IT IS, THEREFORE, ORDERED that the decision of Commissioner is affirmed and this case is closed.

Dated this 10th day of July, 2012, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*

MATT J. WHITWORTH
United States Magistrate Judge